IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ALLEN LEON PLEASANT,<br>　　　Movant, | §<br>§<br>§ | |
| v. | § | No. 3:18-cv-1276-M (BT) |
| | § | No. 3:14-cr-0502-M (BT) |
| UNITED STATES OF<br>AMERICA,<br>　　　Respondent. | §<br>§<br>§<br>§ | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b) and an order of the District Court, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge follow:

I.

On May 3, 2018, Movant filed a letter seeking appointment of counsel to challenge his conviction. On May 22, 2018, the Court sent Movant a § 2255 form and ordered him to file all claims challenging his conviction on the form, or inform the Court that he does not seek relief under § 2255. On June 26, 2018, Movant filed a motion for extension of time to file his § 2255 claims. On July 2, 2018, the Court granted Movant

1

until August 1, 2018, to file his claims. Movant has failed to timely file his claims with the Court.

## II.

Rule 41(b) of the Federal Rules of Civil Procedure allows a court to dismiss an action *sua sponte* for failure to prosecute or for failure to comply with the federal rules or any court order. *Larson v. Scott,* 157 F.3d 1030, 1031 (5th Cir. 1998). "This authority [under Rule 41(b)] flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash, R.R. Co.*, 370 U.S. 626 (1962)). Movant has failed to respond to the Court's order that he file his § 2255 claims by August 1, 2018. Further, his May 3, 2018 letter is insufficient to raise a claim under § 2255 because the letter contains only a conclusory statement that he believes he may be entitled to relief under *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018). Under these circumstances, the Court should dismiss Plaintiff's complaint under Fed. R. Civ. P. 41(b).

## III.

The Court recommends that the complaint be dismissed for want of prosecution under Fed. R. Civ. P. 41(b).

Signed September 25, 2018.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).