IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ALLEN LEON PLEASANT, | § | |
|     Movant, | § | 3:18-cv-1276-M (BT) |
| v. | § | 3:14-cr-0502-M (BT) |
| | § | |
| UNITED STATES OF AMERICA, | § | |
|     Respondent. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Movant Allen Leon Pleasant, a federal prisoner, filed a *pro se* motion to vacate, set-aside, or correct sentence under 28 U.S.C. § 2255. The District Court referred the resulting civil action to the United States magistrate judge pursuant to 28 U.S.C. § 636(b) and a standing order of reference. For the following reasons, the Court should dismiss this action because it is barred by the statute of limitations.

I.

Movant pleaded guilty to one count of interference with commerce by robbery in violation of the Hobbs Act, and aiding and abetting, in violation of 18 U.S.C. §§ 1951(a) and 2, and one count of using, carrying, and brandishing a firearm during and in relation to a crime of violence, and aiding and abetting, in violation of 18 U.S.C. §§ 924(c)(1)(A)(ii) and (2). On August 28, 2015, the District Court sentenced him to thirty-three months on the Hobbs Act conviction and 84 months on the firearm conviction, to run consecutively. Movant did not appeal.

By his § 2255 motion, Movant argues his 84-month sentence for possession of a firearm in furtherance of a crime of violence is invalid under the Supreme Court's decision in *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018). On December 11, 2018, the Government filed its response arguing, *inter alia*, the motion is time-barred. Movant did not file a reply.

II.

Statute of Limitations

The Antiterrorism and Effective Death Penalty Act of 1996 establishes a one-year statute of limitations for federal habeas proceedings. *See* ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT, Pub. L. 104-132, 110 Stat. 1214 (1996) ("AEDPA"). The statute provides that the limitations period shall run from the latest of:

(1)     the date on which the judgment of conviction becomes final;

(2)     the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from filing by such governmental action;

(3)     the date on which the right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4)     the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

*See* 28 U.S.C. § 2255(f).

In most cases, the limitations period begins to run when the judgment becomes final. *See* 28 U.S.C. § 2255(f)(1). Here, the District Court entered final judgment on August 28, 2015. Movant did not file an appeal. His conviction became final 14 days later—on September 11, 2015. *See* Fed. R. App. P. 4(b)(A) (stating notice of appeal must be filed within 14 days of entry of judgment). Movant then had one year, or until September 12, 2016, to file his § 2255 motion.[1] He did not file his motion until April 18, 2018.[2] His motion is therefore untimely under § 2255(f)(1).

Movant relies on *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018), to argue his motion is timely under § 2255(f)(3). Section 2255(f)(3) states the limitations period runs from the date on which the right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review.

In *Dimaya*, the Court held that the residual clause of the crime of violence definition found in 18 U.S.C. § 16(b) is unconstitutionally vague.[3] Movant was

---

[1]  Movant's deadline fell on Sunday, September 11, 2016. Under Fed. R. Civ. P. 6(a), his deadline for filing the motion became Monday, September 12, 2016.

[2]  A § 2255 motion filed by an inmate is deemed filed when the inmate deposits the motion in the institution's internal mailing system. *See* Rules Governing § 2255 Proceedings, Rule 3(d). Movant dated his motion as April 18, 2018. Therefore, April 18, 2018, was the earliest he could have filed the motion.

[3]  The residual clause in § 16(b) states that a violent felony is defined as "any other offense that is a felony and that, by its nature, involves a substantial risk

3

convicted of using, carrying, and brandishing a firearm during and in relation to a crime of violence under § 924(c)(1)(A)(ii). Under this section a crime of violence is defined as:

> [A]n offense that is a felony and –
>
> (A) has an element the use, attempted use, or threatened use of physical force against the person or property of another, or
>
> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

*See* 18 U.S.C. § 924(c)(3).

Section 924(c)(3)(B) contains the same residual clause language found unconstitutionally vague in *Dimaya*. Movant argues that his firearm sentence should therefore be vacated. Movant, however, was not sentenced under § 924(c)(3)(B). Instead, Movant was sentenced under § 924(c)(3)(A). (*See* ECF No. 25 at 1.) *Dimaya* did not invalidate § 924(c)(3)(A). *See United States v. Davis*, 903 F.3d 483, 485 (5th Cir. 2018) ("*Dimaya* only addressed, and invalidated, a residual clause mirroring the residual clause in § 924(c); it did not address the elements clause."). *Dimaya* therefore does not apply to Movant's sentence.

---

that physical force against the person or property of another may be used in the course of committing the offense."

4

Equitable Tolling

The one-year limitation period is subject to equitable tolling in "rare and exceptional cases." *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998); *see also Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir.1999) (asserting that courts must "examine each case on its facts to determine whether it presents sufficiently 'rare and exceptional circumstances' to justify equitable tolling" (quoting *Davis*, 158 F.3d at 811)). The Fifth Circuit has held that "'[e]quitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights.'" *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir.1999) (quoting *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir.1996)). Movant bears the burden of proof to show he is entitled to equitable tolling. *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000).

Movant has not alleged that he is entitled to equitable tolling. He has also pleaded no facts showing that he was misled by the government or prevented in some extraordinary way from asserting his rights. He is therefore not entitled to equitable tolling.

III.

For the foregoing reasons, the motion to vacate, set-aside, or correct sentence under § 2255 is barred by the statute of limitations and this action should be dismissed.

Signed February 19, 2019.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO OBJECT**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996).